UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLY GRUBBS, | * | Case No. 1:06CR0095 |
| | * | 1:07CV2518 |
| Defendant-Petitioner | * | |
| | * | JUDGE CHRISTOPHER A. BOYKO |
| | * | |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | OPINION AND ORDER |
| | * | |
| Plaintiff-Respondent. | * | |

<u>CHRISTOPHER A. BOYKO, J</u>:

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255 (ECF #67). Petitioner contends her counsel was constitutionally ineffective at sentencing and by failing to file an appeal, and further claims that her sentence was unjust, based on the disparity of sentences between amounts of powder and crack cocaine. For the following reasons, the Court denies Petitioner's Motion.

## **FACTS**

On March 1, 2006, a federal grand jury in the Northern District of Ohio returned a three count indictment charging Petitioner, Carly Grubbs, and co-defendant Miguel Johnson ("Johnson") with Possession With Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 1);

1

and Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (Count 2). Petitioner was also charged with Maintaining a Location where Drugs are Stored, in violation of Title 21, United States Code, Section 856(a)(2) (Count 3).

On May 25, 2006, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count 1 of the Indictment, Possession with Intent to Distribute Cocaine Base. As set forth in the plea agreement, Count 1 required a mandatory minimum sentence of 120 months imprisonment. On September 8, 2006, in accordance with the statutory mandatory minimum sentence, this Court sentenced Petitioner to 120 months incarceration, to be followed by five years of supervised release, and a $100.00 special assessment. Pursuant to the plea agreement, Counts 2 and 3 of the Indictment were dismissed. Although the Court advised Petitioner of her right to file an appeal, she did not do so.

On August 21, 2006, Petitioner filed the Motion to Vacate, wherein she asserts that her counsel was constitutionally ineffective at sentencing and by failing to file an appeal. She further claims that her statutory mandatory minimum sentence was unjust because of the disparity in sentences between amounts of powder and crack cocaine.

### STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255

motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends her counsel was ineffective at sentencing and for failing to file an appeal.  Ineffective counsel claims are governed by the *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated a two-prong test which would, if met, warrant a reversal of a conviction: First, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* At 687-689.  The reasonable probability issue is the focus of both parties to this habeas motion. A reasonable probability is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In addition, the review of defense counsel is done with a presumption of reasonableness that must be overcome to meet the *Strickland* test: "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-689.   In the context of a Plea Agreement, there must be " a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

"Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  Petitioner has failed to provide any evidence or affidavit attesting to the allegations alleged in her motion to vacate.  Therefore, Petitioner has created no  genuine issue of fact requiring this Court hold an evidentiary hearing.

Because the competence of counsel is presumed, it is Petitioner's burden to prove counsel's representation was unreasonable.  The Supreme Court has held, "defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Furthermore, the Sixth Circuit, in elaborating on the Petitioner's burden stated, "the threshold issue is not whether [defendant's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992) (en banc).

Here, Petitioner acknowledges having been advised by counsel of her rights, in limited circumstances, *to appeal* the conviction or *sentence* in this case, including the appeal right conferred by 18 U.S.C. §3742 as well as an agreed-upon Sentencing Guideline computation.  Specifically, the Petitioner and the government agreed that she was responsible for 50 to 150 grams of crack cocaine, which corresponded to a Level 32 offense level (before acceptance of responsibility) pursuant to Guideline Section 2D1.1. (*Id.* at ¶ 7.) The parties further acknowledged and stipulated that, notwithstanding the advisory Sentencing Guideline range generally associated with the range applicable to this quantity of drugs in her criminal history category, the statutorily

required minimum sentence of 120 months controlled and would be the lowest sentence that Petitioner could receive. (*Id.* at ¶ 10.)

To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Government correctly points out Petitioner's criminal conduct in this case subjected her to a statutorily mandated minimum sentence of 120 months imprisonment.  The Government contends, and this Court agrees, unless Petitioner provided substantial assistance to law enforcement that resulted in the Government making a motion pursuant to Section 3553(e) of Title 18, United States Code, and Section 5K1.1 of the Sentencing Guidelines, this Court had no option to impose a sentence below the mandatory minimum 120 months. (It could, however, impose a sentence greater than that amount of time.) Taking into account Petitioner's acceptance of responsibility, her criminal history score, and the statutory mandate, the advisory Guideline range was 120 to 135 months, with an absolute floor of 120 months.

The Court finds Petitioner received the benefit of the Plea Agreement in acceptance of responsibility reduction and the dismissal of the remaining counts of the indictment.  Petitioner's attorney advocated for imposition of the lowest possible sentence of  120 months.  Petitioner  has offered no proof beyond mere allegations that her counsel's performance was deficient.  The Government contends, and this Court agrees, Petitioner  has failed to show that her counsel's performance at sentencing was objectively unreasonable. Therefore, she has not  established the first requirement of an ineffective assistance of counsel claim under *Strickland*.  Also, she cannot show prejudice resulting from anything counsel did, or did not, do at sentencing. The statutory

mandatory minimum sentence she received was expressly provided for in her plea agreement. Thus, Petitioner has failed to establish her counsel's conduct at sentencing prejudiced the outcome of her case and therefore, cannot establish the second *Strickland* requirement.

The Government contends, and this Court agrees, Petitioner's claim that her attorney was constitutionally ineffective because he did not file a direct appeal on her behalf is without merit. In the attorney's Declaration, after Petitioner was sentenced, he discussed with her the issue of whether she wanted to appeal the sentence imposed by the Court or file an appeal on another basis, as well as the related legal grounds (or lack thereof). During this discussion, Petitioner acknowledged that she would have no basis to appeal her sentence because the Court imposed the statutory mandatory minimum sentence and because that sentence was consistent with the plea agreement. As a result, Petitioner instructed her attorney not to file an appeal.

Although Petitioner states that an attorney who ignores an express instruction to file an appeal is constitutionally ineffective, and that, in such a situation, the defendant is entitled to file a delayed appeal, *see Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003), the facts do not support such a result in this case. The Government contends, and this Court agrees, because Petitioner expressly stated that she did not wish to file an appeal, there was no constitutional error in failing to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently".

The government contends, and this Court agrees, Petitioner's attorney is an

6

experienced defense counsel who was well aware of his duty to file an appeal if she expressly instructed him to do so. His statement that Petitioner expressed her decision *not* to appeal is buttressed further by the limitations imposed by the appellate waiver contained in her written plea agreement. The waiver explicitly stated that, by pleading guilty, Petitioner was giving up all right to appeal her sentence unless the sentence imposed was inconsistent with the provisions of the plea agreement.  The Government correctly points out, Petitioner was sentenced exactly as the plea agreement expressly contemplated, i.e., to the statutory mandatory minimum sentence.

In such a situation, the Court would apply the analysis set forth in *Roe*, asking first whether the attorney in fact did consult with the defendant about her wishes. If so, deficient performance is established under *Strickland* only if counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. There is no evidence of such an express instruction to file an appeal and thus Petitioner cannot satisfy this test. If the Court instead found that there was no consultation,  to find ineffective assistance, the Court must determine that counsel had a constitutionally-imposed duty to consult with Petitioner. Such duty would exist only if "there was reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 478-80.

The Government contends, and this Court agrees, given the written appellate waiver and the statutory mandatory minimum sentence, which was expressly spelled out in the written agreement, Petitioner  has not  met either of these scenarios.  In the

7

absence of facts beyond mere conclusory allegations, this Court finds petitioner has failed to meet her burden under *Strickland,* showing her attorney's performance unreasonable.

Petitioner also contends her sentence was unjust due to the disparity in sentencing between quantities of crack cocaine and powder cocaine. She specifically claims that her sentence should be reduced based on the United States Sentencing Commission's April 2007 decision to adjust the base offense level thresholds for crack cocaine under the Sentencing Guidelines.  However, the Government correctly points out Petitioner waived her right to challenge her sentence collaterally except to the extent it was inconsistent with the provisions of her plea agreement. Petitioner was sentenced to the statutorily-imposed mandatory minimum that her plea agreement expressly contemplated.     Therefore, this Court agrees, any argument about her sentence has been waived.

Also, as the Government contends,  the amendment to the Guidelines has no bearing on Petitioner's  statutorily imposed sentence. Guidelines Section 5G1.1(b) clearly states: "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." The Government again correctly points out the Supreme Court has held that where there is a conflict between the statutorily required minimum sentence and the guidelines sentence, the statute controls. *Neal v. United States,* 516 U.S. 284,294 (1996).  The Government also correctly points out the  Sixth Circuit has regularly observed that the statutorily imposed sentence controls over a guideline sentence. *United States v. Andress*, 47 F.3d 839, 841 (6th Cir. 1995) (per

curiam); *United States v. Ingram*, 67 F.3d 126, 127-28 (6th Cir. 1995); *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002); *United States v. Hoskins*, 173 F.3d 351,354 n. 2 (6th Cir. 1999).

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to demonstrate her counsel's representation was objectively unreasonable and prejudiced Petitioner. Furthermore, the Court finds Petitioner is barred from attacking her sentence as she has expressly waived those objections in her Plea Agreement. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in her Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

\_\_\_3/11/2008_____  s/Christopher A. Boyko_____
Date   CHRISTOPHER A. BOYKO
   United States District Judge